******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* GILBERTO O.
MARRERO-ALEJANDRO
(SC 19559)

Rogers, C. J., and Palmer, Eveleigh, McDonald, Espinosa and Robinson, Js.

Argued December 13, 2016—officially released March 14, 2017

*James B. Streeto*, senior assistant public defender, for the appellant (defendant).

*Rocco A. Chiarenza*, assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *John H. Malone*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. Following a jury trial, the defendant, Gilberto O. Marrero-Alejandro, was convicted of murder in violation of General Statutes (Rev. to 2009) § 53a-54a in connection with a shooting in Bristol in 2010. He was sentenced to a term of sixty years imprisonment. The defendant appealed from the judgment of the trial court to the Appellate Court, claiming, among other things, that the trial court improperly had failed to suppress certain DNA evidence obtained from a buccal swab of the defendant because the swab was taken after he had invoked his right to counsel. *State* v. *Marrero-Alejandro*, 159 Conn. App. 376, 396, 122 A.3d 272 (2015). The Appellate Court affirmed the judgment of the trial court, holding, inter alia, that the defendant's claim was unreviewable because (1) it was not preserved at trial, and (2) it failed to satisfy the second prong of *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). *State* v. *Marrero-Alejandro*, supra, 397–98. In determining that the claim was not of constitutional magnitude as required for *Golding* review, the Appellate Court reasoned that, because the buccal swab was not testimonial evidence, neither the fifth amendment to the federal constitution nor article first, § 8, of the Connecticut constitution was implicated as those provisions apply only to testimonial evidence. Id.

Thereafter, this court granted the defendant's petition for certification limited to the following issue: "Did the Appellate Court properly uphold the trial court's denial of the defendant's motion to suppress DNA evidence obtained from a buccal swab taken after he invoked his right to counsel?" *State* v. *Marrero-Alejandro*, 319 Conn. 934, 125 A.3d 207 (2015). Our review of the record makes it apparent that this certified question does not reflect a correct statement of the issue before this court. The Appellate Court's initial conclusion was that a challenge to the admission of this evidence was unpreserved because defense counsel had informed the trial court that his motion to suppress was not directed at the buccal swab. *State* v. *Marrero-Alejandro*, supra, 159 Conn. App. 397. The defendant does not challenge that conclusion in his certified appeal. Therefore, we have reformulated the certified question as follows: Did the Appellate Court properly conclude that the defendant's unpreserved challenge to the trial court's admission of the buccal swap did not present a question of constitutional magnitude? See *State* v. *Ouellette*, 295 Conn. 173, 184, 989 A.2d 1048 (2010) (reformulating certified question to conform to issue actually presented and decided in appeal); *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 276 Conn. 168, 191, 884 A.2d 981 (2005) (same).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should

be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

———————————————